UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE WHITE, II, and WANDA WHITE,

        Petitioner,                        Case Number: 2:15-CV-10266
                                                      HON. GEORGE CARAM STEEH

v.

DAVID M. LAWSON, ET AL.,

        Respondent.
_____/

**ORDER DISMISSING PETITION FOR WRIT
OF HABEAS CORPUS WITHOUT PREJUDICE**

Wanda White has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 & 2242, alleging that her son, Jimmie White, II, is currently unconstitutionally detained in the custody of the United States Marshal Service.  Because Wanda White has not established that she is authorized to file a petition on her son's behalf, the Court will dismiss the petition without prejudice.

An application for a writ of habeas corpus may be filed by one person on behalf of another.  28 U.S.C. § 2242 ("Application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.").  However, "next friend" status will not be granted automatically.  *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).  Two "firmly rooted prerequisites" must be satisfied before "next friend" status will be conferred.  *Id.*  First, "a 'next friend' must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action."  *Id.*  Second, "the 'next friend' must be truly dedicated to the best

interests of the person on whose behalf he seeks to litigate." *Id.* Courts impose these restrictions on who may act as a "next friend" because "[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." *Id.* (internal quotation omitted).

In this case, Wanda White has offered no adequate explanation as to why her son would not be able to pursue a habeas petition on his own behalf. The Court cannot conclude that Wanda White is not an "uninvited meddler[]," *id.*, or that "extraordinary circumstances" exist to warrant conferring "next friend" status on her. *Herrera v. Redman*, 1989 WL 15966 * 1 (6th Cir. 1989). Thus, the Court lacks jurisdiction to address this petition. *Whitmore*, 495 U.S. at 166 (dismissing petition for lack of jurisdiction where individual lacked standing to pursue habeas petition on prisoner's behalf).

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

Dated: February 11, 2015

                                                     s/George Caram Steeh
                                                     GEORGE CARAM STEEH
                                                     UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 11, 2015, by electronic and/or ordinary mail and also on Wanda White, 6032 Chamberlain, Romulus, MI 48174.

s/Barbara Radke
Deputy Clerk