UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE WHITE, II, and WANDA WHITE,

        Petitioners,        Case Number: 2:15-CV-10266
                                    HON. GEORGE CARAM STEEH

v.

DAVID M. LAWSON, ET AL.,

        Respondent.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

Wanda White filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 & 2242, alleging that her son, Jimmie White, II, is currently unconstitutionally detained in the custody of the United States Marshal Service. The Court found that Wanda White was not authorized to file a petition on her son's behalf and summarily dismissed the petition. Now before the Court is Wanda White's Motion for Reconsideration.

Motions for rehearing or reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

Wanda White seeks reconsideration of the dismissal order on the ground that her son was "found mentally incapable to stand trial, lack of access to the court and other disabilities." White's mot. at 1. She further argues that the fact that she is Jimmie White's mother entitles her to file a petition on his behalf.

In support of her statement that Mr. White has been found mentally incompetent to stand trial, Ms. White cites an order entered in her son's criminal proceeding, currently pending in this Court before the Honorable David M. Lawson. However, the order Ms. White references did not rule that Mr. White is incompetent. Instead, the order directed a competency evaluation of Mr. White. *See* 1/21/2015 Order Directing Competency Evaluation, *United States v. White II*, No. 2:13-cr-20423. A hearing was held on May 1, 2015, and Mr. White was found to be competent. *See* 5/1/2015 Minute Entry. Ms. White fails to identify the "other disabilities" by which her son is allegedly burdened. Moreover, Mr. White filed a *pro se* civil complaint in this Court within days of when his mother filed the pending habeas petition. Therefore, he is clearly capable of pursuing his rights in this Court and gaining access to the courts. Finally, Ms. White cites no case law (and the Court is aware of none) which would grant her "next friend" status simply because she is Mr. White's mother.

Ms. White fails to demonstrate that the Court's decision dismissing the petition was based upon a palpable defect by which the Court was misled and the Court will deny the motion.

-2-

Accordingly, the Court **DENIES** the Motion for Reconsideration [dkt. # 6].

Dated:  May 5, 2015

                                             s/George Caram Steeh
                                             GEORGE CARAM STEEH
                                             UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 5, 2015, by electronic and/or ordinary mail and also on Wanda White, 6032 Chamberlain, Romulus, MI 48174.

s/Barbara Radke
Deputy Clerk

---